## IN THE SUPREME COURT OF TENNESSEE
### AT NASHVILLE

FILED

June 15, 1998

Cecil W. Crowson
Appellate Court Clerk

**FOR PUBLICATION**

**Filed:** _____June 15, 1998_____

| | | |
|---|---|---|
| MARTHA BENTON, Administratrix of the Estate of DAVIS RAY BENTON, | ) ) ) | |
| PLAINTIFF-APPELLEE, | ) ) | ROBERTSON CIRCUIT |
| v. | ) ) | Hon. John H. Gasaway III, Judge |
| CITY OF SPRINGFIELD, | ) ) | No. 01S01-9505-CV-00076 |
| DEFENDANT-APPELLANT. | ) | |

FOR APPELLANT:

JAMES C. SUMMERS
NASHVILLE

FOR APPELLEE:

JEFF K. WALKER
SPRINGFIELD

# O P I N I O N

TRIAL COURT AND SPECIAL WORKERS'
COMPENSATION PANEL REVERSED

HOLDER, J.

We granted review of this workers' compensation case to determine whether a police officer's coronary heart disease arose out of his employment with the Springfield Police Department. A Special Workers' Compensation Panel held that the plaintiff's injury was compensable. We agree with the panel's findings that the plaintiff met the criteria in Tenn. Code Ann. § 7-51-201(a)(1) and that the presumption afforded by § 7-51-201 was sufficiently rebutted by expert testimony. We, however, hold that the plaintiff failed to show the presence of a specific acute or sudden stressful event immediately preceding his heart attack in accordance with our recent holding in Krick v. City of Lawrenceburg, 945 S.W.2d 709 (Tenn. 1997). The plaintiff's case is dismissed.

The plaintiff was a police officer for the Springfield Police Department and was assigned to the Drug Task Division. The plaintiff's last day of work was on Friday, February 16, 1990. The plaintiff was awakened by chest pain early Sunday morning, February 18, 1990, and was admitted to a hospital with a diagnosis of a heart attack. He was released approximately eight days later and sustained another heart attack on his way home. He was readmitted to the hospital and underwent open-heart surgery. He did not return to his job as a drug task force officer for the Springfield Police Department.

The plaintiff's treating physician, Dr. Loyda Tacoque, testified by deposition that two risk factors contributed to the plaintiff's heart attack, smoking and stress. Dr. Tacoque stated that the plaintiff's cholesterol was not unusually high and there was no family history of heart disease. Prior examination had not revealed any evidence of heart disease. Dr. Tacoque opined that stress related

to the plaintiff's job as a drug task force officer likely contributed to the plaintiff's heart condition.

The plaintiff testified concerning work-related stress and stress associated with pending litigation arising out of a lawsuit involving a work-related search. The plaintiff was served with the lawsuit in January of 1990. He stated that the first time he had ever experienced heart-related symptoms was a few days prior to his heart attack while speaking with his attorney regarding the pending lawsuit.

The defendant offered the testimony of Dr. Taylor Wray, a cardiologist who reviewed the plaintiff's medical records. Dr. Wray opined that plaintiff's heart condition was not job-related. Dr. Wray attributed the plaintiff's heart condition to "the fact that [the plaintiff] smoked two packs a day of cigarettes." Dr. Wray opined that stress related to the plaintiff's work as a drug task force officer did not contribute "the least little bit" to the plaintiff's heart attacks.

This Court recently held in Krick v. City of Lawrenceburg, 945 S.W.2d 709 (Tenn. 1997), that a medical opinion provided by a competent medical expert was sufficient to rebut the presumption in Tenn. Code Ann. § 7-51-201. According to Krick, the rebuttal of the statutory presumption removes analysis of a law enforcement officer's disability claim from the purview of § 7-51-201. Krick then held that a law enforcement officer's claim shall be analyzed under the general statutory provision defining occupational injuries in the Workers' Compensation Act. Tenn. Code Ann. §§ 50-6-102(a)(5), -301; Id. at. 713. Once a law enforcement officer's claim is outside the purview of the "[l]aw enforcement and firefighters" statute, we must find the heart attack was "immediately precipitated by a specific acute or sudden stressful event." Id. at 713-714.

3

The plaintiff has not shown a specific acute or sudden stressful event immediately preceding his heart attack. The plaintiff's meeting with an attorney concerning a civil lawsuit several days prior to the heart attack was neither acute nor sudden. Pursuant to <u>Krick</u>, the workers' compensation panel's decision affirming the trial court's finding of compensability is reversed. Costs of this appeal shall be taxed against the plaintiff, Martha Benton, the administratrix of the estate of Davis Ray Benton, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE


**Concurring:**

Anderson, C.J.
Birch and Reid, J.J.

Drowota, J. Not Participating